IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR TIGBAO and DOROTHY TIGBAO on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>QBE FINANCIAL RISK INSTITUTION SERVICES, INC., d/b/a QBE FIRST, a Delaware Corporation, and DOES 1-50,<br><br>                    Defendants. | CASE NO.:  SACV 13-00177 JST(JCx)<br><br><u>CLASS ACTION</u><br><br>STIPULATED CONFIDENTIALITY ORDER<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 8a, 8b, 12, 14, 19, AND EXHIBIT A]** |

This matter is before the Court pursuant to the Parties' Stipulation Regarding Confidentiality Order filed with this Court concurrently with the instant Proposed Stipulated Confidentiality Order. The Court, having considered the Parties' Stipulation Regarding Proposed Confidentiality Order and the instant [Proposed] Stipulated Confidentiality Order finds that the Proposed Order (hereinafter referred to as "Confidentiality Order") should be entered and control confidential information exchanged during the course of the above captioned matter ("Action").

STIPULATED, AGREED AND ORDERED:

1.     This Confidentiality Order is intended to protect from disclosure documents and information the parties deem to be confidential. Documents and information so designated

may only be disclosed or used as further provided herein. Nothing herein is intended to affect the relevance, discoverability, or admissibility into evidence of any documents or information produced during discovery in the Action.

2. Any party in this Action or any third party to whom a subpoena is issued in this Action ("Producing Party") shall have the right to designate any material (including, but not limited to, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts, including the information contained therein whether in note or summary form) as confidential if the material contains information that is proprietary or sensitive to the Producing Party and the production of such information would result in annoyance, oppression, embarrassment or undue burden as those terms are used in Fed. R. Civ. P. 26(c). As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Confidential Information." Any use of any such Confidential Information shall be covered by the provisions of this Confidentiality Order. Information or material which is voluntarily available to the public shall not be considered confidential.

3. A Producing Party may designate documents containing information deemed confidential by that party as Confidential Information by stamping or otherwise clearly marking the same "CONFIDENTIAL," or by otherwise notifying the parties to the Action that the materials are to be treated as Confidential Information.

4. A Producing Party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind the portion of the transcript and to clearly mark the front of the separately bound volume with the Designation "CONFIDENTIAL." During any deposition that includes testimony concerning Confidential Information, any and all individuals who are not entitled access to said

information under the terms of the Confidentiality Order may be excluded from that portion of the deposition. In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel.

5. Any person receiving Confidential Information ("Receiving Party") shall use such Confidential Information only for the purposes of this Action and any action transferred to or consolidated with the above-captioned action or in any appeal of a Court order, decision and/or judgment therein, including but not limited to actions subsequently transferred to or consolidated with the above-captioned action. Absent further court order, a Receiving Party shall not use Confidential Information for any other litigation, or for any business or other purpose whatsoever. Notwithstanding this provision, the Producing Party may make use of its own Confidential Information in any way it deems fit.

6. Confidential Information shall not be disclosed to any person except:

(a) the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

(b) outside counsel of record for the parties to this action, and employees of their respective firms;

(c) the Court and its support personnel;

(d) a deponent or witness who is a party, or an officer, director, partner, attorney, employee or agent of the Producing Party;

(e) copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(f) any experts and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution of this action ("Outside Experts");

(g) any mediators and their staff who are engaged for the purpose of mediating this action; and

(h) any other person agreed to in writing by the parties.

7. Before an Outside Expert may receive any Confidential Information, he or she must have read a copy of this Confidentiality Order and signed an undertaking in the form attached as Exhibit A hereto.

8. The parties agree that:

a. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper to be filed with the Clerk of this Court, it shall be submitted for filing under seal in accordance with the provisions of Judge Staton Tucker's Pilot Program Instructions for Filing Under Seal Documents (hereinafter "Pilot Program") or as may otherwise be ordered by the District Judge or Magistrate Judge to whom the submission is directed.

b. [Deleted]

9. Before trial of this Litigation involving Confidential Information or information derived therefrom, the Parties, through counsel, shall confer in an attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial.  If the parties are unable to reach agreement, the party challenging the Confidentiality designation must proceed in accordance with Paragraph 17 of this Order and L.R. 37.  Nothing in this Confidentiality Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

10. A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 6 of Confidentiality Order.

///

1       11.     A Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

      12.     In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) calendar days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Confidentiality Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued.  If the Producing Party objects to the disclosure of items called for by the subpoena, the Producing Party must move to quash or extend the time to comply with any such subpoena within 10 days of notification by the Receiving Party of the subpoena or by the subpoena compliance date, whichever is earlier.  However, nothing in this Order shall be construed to require the Receiving Party not to comply with a subpoena or court order.

      13.     In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 6 of this Confidentiality Order, such disclosure shall be reported in writing to the Producing Party immediately and in any event no later than within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

      14.     Upon demand by the Producing Party, within sixty (60) business days after the final termination of this Litigation, including by settlement or exhaustion of all appeals,

the Receiving Party shall destroy any Confidential Information or documents containing Confidential Information, and counsel for any Receiving Party shall confirm the destruction of the Confidential documents and information in writing to the Producing Party. Notwithstanding the above, counsel for all parties may maintain in its files copies of each pleading and documents filed with the Court, and each written discovery request and written response thereto. Further, nothing in this paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information, and nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects Confidential Information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system. As far as the provisions of this or any other Confidentiality Orders entered in this action restrict the use of Confidential Information, such Confidentiality Orders shall continue to be binding after the conclusion of this action.

15. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Confidentiality Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Confidentiality Order.

16. This Confidentiality Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Confidentiality Order.

17. This Confidentiality Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information. All such

challenges must abide by and be conducted in accordance with L.R. 37. Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such. The party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if the confidential designation is lifted or not allowed.

18. Inadvertent production of documents or discovery material otherwise subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not automatically constitute a waiver of any applicable privilege or immunity. Upon notification that a document or other discovery material has been inadvertently produced and that a claim of any applicable privilege will be made with regard to such document or other discovery material, the Party receiving such notice shall segregate such materials and advise the Producing Party if they dispute the claim of inadvertence or assert waiver. If the parties cannot resolve this dispute, the matter shall be presented to the magistrate judge for consideration and an *in camera* review of such materials. If the Party receiving such notice does not challenge the claim of inadvertence or assert waiver, the Party receiving such notice shall promptly either destroy or return the inadvertently produced materials. If the court determines the privilege has not been waived, the material shall be either returned or destroyed, and the inadvertent production of any document or discovery shall not be deemed to be a waiver of the claim of privilege or protection against disclosure. Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Party from challenging the Producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product and/or any other applicable privilege, or to assert the privilege has been waived based upon the circumstances. The Receiving Party may retain copies of the document solely for the purpose of challenging the Producing Party's designation of the document or discovery as subject to attorney client privilege, attorney work product and/or any other applicable privilege and must dispose of the document consistent with the terms of this Order upon resolution of any such challenge.

19. This Order shall be binding upon any future parties to the litigation absent further order of the court.

20. This Order may be modified by the Court at any time, on its own initiative or upon motion by any party.

IT IS SO ORDERED.

DATED: August 15, 2013

                                                            _____/s/_____

                                                     Honorable Jacqueline Chooljian
                                                     United States Magistrate Judge

# EXHIBIT A

## NON-DISCLOSURE CERTIFICATE

1.    I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Order ("Order") entered in *Tigbao, et al. v. QBE Financial Institution Risk Services, Inc., et al.* (CD. Cal. Case No. 8:13-cv-00177-JST-JC) on August 15, 2013, and agree to comply with and be bound by its terms with respect to any discovery materials designated or marked "Confidential" that are furnished to me as set forth in the Order.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

2.    I further agree: (i) not to disclose to anyone any discovery materials marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any discovery materials marked "Confidential" furnished to me except in accordance with the Order.

Dated: _____    Printed name: _____

    Signature:_____