Fredrick S. Levin (Bar No. 187603)
Email:  flevin@buckleysandler.com
**BUCKLEYSANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3984
Facsimile:  (310) 424-3960

Katherine L. Halliday (*pro hac vice*)
Email: khalliday@buckleysandler.com
**BUCKLEYSANDLER LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

*Attorneys for Defendant QBE Financial Institution Risk Services, Inc.*

(Additional counsel on signature page)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| OMAR TIGBAO and DOROTHY TIGBAO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>QBE FINANCIAL INSTITUTION RISK SERVICES, INC., d/b/a/ QBE FIRST, a Delaware Corporation, and DOES 1-50,<br><br>Defendant. | Case No. 13-cv-00177-JLS-JC<br><br>**DEFENDANT'S APPLICATION TO FILE UNDER SEAL PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND EXHIBITS 12, 13, 26, AND 27**<br><br>Courtroom:  10A<br>Judge:  Hon. Josephine L. Staton |

DEF.'S APPL. TO FILE UNDER SEAL PL.'S MEM. IN
SUPPORT OF MOT. FOR CLASS CERTIFICATION AND
EXS. 12, 13, 26, AND 27

Case No. 13-cv-00177-JLS-JC

COME NOW the Defendant QBE Financial Institution Risk Services, Inc. ("QBE FIRST" or "Defendant"), acting by and through counsel, and provides, pursuant to Local Rule 79-5.1, the following statement in support of filing under seal certain documents that Plaintiff Dorothy Tigbao ("Plaintiff") filed in support of her Motion for Class Certification. Plaintiff has no position regarding this Application. In support, Defendant states as follows:

1. Pursuant to Local Rule 79-5.1, the Court's March 17, 2014 Order Denying (in part) Plaintiff's Application to File Documents Under Seal in Support of Plaintiff's Motion for Class Certification, *see* ECF No. 65, and the Court's February 4, 2013 Initial Standing Order, *see* ECF No. 7, Defendant hereby submits this application to file under seal the documents described below:

- Portions of the Plaintiff's Memorandum in Support of the Motion for Class Certification ("Memorandum");
- Portions of Exhibit 12, Deposition of QBE FIRST through Ronald M. Chapman, taken January 17, 2014;
- Portions of Exhibit13, Deposition of QBE FIRST through Stephen Grzeskowiak, taken January 21, 2014;
- Exhibit 26, QBE FIRST QBE East Policy Count; and
- Exhibit 27, QBE FIRST QBE West Policy Count.

Thus, with the Court's approval, QBE FIRST will file publicly redacted versions of Plaintiff's Motion and its Exhibits 12 and 13.

2. Courts have found that it is appropriate to seal records attached to non-dispositive motions when "good cause" is shown under Rule 26(c).[1] *Kamakana v.*

---

[1] The vast majority of Ninth Circuit courts treat class certification motions as non-dispositive. *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (citing cases).

1

DEF.'S APPL. TO FILE UNDER SEAL PL.'S MEM. IN SUPPORT OF MOT. FOR CLASS CERTIFICATION AND EXS. 12, 13, 26, AND 27

Case No. 13-cv-00177-JLS-JC

*City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting that a good cause showing is sufficient to preserve "the secrecy of sealed discovery material attached to nondispositive motions"); *Shared Med. Res., LLC v. Histologics, LLC*, No. SACV 12-0612 DOC (RNBx), 2012 WL 5570213, at *2 (C.D. Cal. Nov. 14, 2012) (discussing *Kamakana* and *Foltz*); *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *1 (N.D. Cal. Dec. 12, 2012) ("Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause.'" (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).

3. "Good cause" exists when "the disclosure of proprietary information could cause a party competitive injury." *Davis v. Soc. Serv. Coordinators, Inc.*, No. 1:10-cv-02372-LJO-SKO, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 1969039, at *1-2 (N.D. Cal. May 31, 2012) (granting motion to seal to prevent harm caused by providing proprietary information to competitors). This standard is satisfied when there are "specific demonstrations of fact" supported "by affidavits and concrete examples." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307-08 (N.D. Cal. 2005) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).

4. Defendant asserts that there is good cause to seal certain portions of the Memorandum and certain documents (or portions thereof) attached to the Motion because they contain confidential, proprietary, or otherwise competitively sensitive information. In support of this assertion, Defendant is filing herewith the Declaration of Ronald Mark Chapman.

5. <u>Transcripts of Depositions Discussing Defendant's Confidential Business Practices</u>. Exhibits 12 and 13 are excerpts from deposition transcripts of current or former employees of QBE FIRST. These transcripts are designated as "Confidential"

1  per the Stipulated Confidentiality Order, which allows any party to designate
2  deposition testimony and other material as such if the material contains confidential
3  business information or any other information protectable under Fed. R. Civ. P. 26(c).
4  *See* Stipulated Confidentiality Order, Aug. 15, 2013, ECF No. 48.  The excerpted
5  deposition transcripts contain QBE FIRST's proprietary and confidential information,
6  including testimony about QBE FIRST's financial accounting structure, financial
7  arrangements, fee structure, QBE FIRST's contractual obligations, QBE FIRST's
8  internal and proprietary computer systems, and QBE FIRST's policies and procedures
9  regarding lender-placed insurance ("LPI").  *See* Declaration of Ronald Mark Chapman
10 ("Chapman. Decl."), dated Mar. 25, 2014, ¶¶ 6-9 (explaining the confidential and
11 proprietary information contained within the deposition transcripts).  The deposition
12 transcripts also discuss many of the documents that QBE FIRST is asking to file under
13 seal, which for reasons discussed below contain QBE FIRST's confidential or
14 proprietary information.  For these reasons, QBE FIRST submits that portions of these
15 exhibits should be filed under seal.  *See Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-
16 1267-RSM, 2013 WL 1399349, at *2 (W.D. Wash. Apr. 5, 2013) (finding excerpts of
17 deposition testimony discussing company's business and finances were proper to file
18 under seal).

19         6.      Documents Disclosing Client List.  Exhibits 26 and 27 are spreadsheets
20 showing the annual number of LPI policies placed for all QBE FIRST clients.  Public
21 dissemination of Exhibits 26 and 27 would affect QBE FIRST's competitive standing
22 as it would bestow an unfair advantage on their competitors who would be in a
23 position to exploit such information to which they otherwise would not have access.
24 Meanwhile, QBE FIRST would not have access to analogous information belonging
25 to its competitors.  QBE FIRST should not be placed at such a competitive
26 disadvantage vis-à-vis its competitors merely because it finds itself subject to
27 litigation in which it has produced discovery to which its competitors would not
28

3

DEF.'S APPL. TO FILE UNDER SEAL PL.'S MEM. IN                              Case No. 13-cv-00177-JLS-JC
SUPPORT OF MOT. FOR CLASS CERTIFICATION AND
EXS. 12, 13, 26, AND 27

1  otherwise have access. Chapman Decl. ¶¶ 6-7, 9. Accordingly, QBE FIRST submits
2  that the documents should remain under seal. *See, e.g.*, *Stout v. Hartford Life and
3  Accident Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4,
4  2012) (recognizing that contracts that contain proprietary and confidential business
5  information may be filed under seal); *Keith H. v. Long Beach Unified Sch. Dist.*, 228
6  F.R.D. 652, 659-60 (C.D. Cal. 2005) (determining that confidential financial
7  information is "private" and proper to file under seal); *see also Nixon v. Warner
8  Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)
9  (finding that "sources of business information" which could cause harm to a
10 company's competitive standing warrant protection under seal).

11        7.    The client lists should be filed entirely under seal instead of simply
12 redacted because QBE FIRST's confidential information is so woven into the
13 documents as to make redaction unfeasible. Accordingly, the Parties seek to file the
14 entire exhibits under seal without filing unredacted versions. *See, e.g.*, *Dunbar*, 2012
15 WL 6202719, at *6 (recommending document be filed under seal instead of redacted
16 where confidential information constituted a vast majority of the document).

17        8.    Finally, while a redacted version of the Memorandum will be publicly
18 filed, Defendant requests that the unredacted copy of the Memorandum be filed under
19 seal for reasons previously cited—the Memorandum contains confidential, proprietary
20 information referencing the documents filed under seal.

21        9.    A Proposed Order is submitted herewith for the Court's Consideration.

4

DEF.'S APPL. TO FILE UNDER SEAL PL.'S MEM. IN                              Case No. 13-cv-00177-JLS-JC
SUPPORT OF MOT. FOR CLASS CERTIFICATION AND
EXS. 12, 13, 26, AND 27

Dated: March 27, 2014

Respectfully submitted,

By:   /s/ Katherine L. Halliday
Robyn C. Quattrone (*pro hac vice*)
Email:  rquattrone@buckleysandler.com
Andrew R. Louis (*pro hac vice*)
Email:  alouis@buckleysandler.com
Katherine L. Halliday (*pro hac vice*)
Email:  khalliday@buckleysandler.com
**BUCKLEYSANDLER LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Telephone:  (202) 349-8000
Facsimile:  (202) 349-8080

Fredrick S. Levin (Bar No. 187603)
Email:  flevin@buckleysandler.com
**BUCKLEYSANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3900
Facsimile:  (310) 424-3961

*Attorneys for Defendant QBE FIRST*

5

DEF.'S APPL. TO FILE UNDER SEAL PL.'S MEM. IN SUPPORT OF MOT. FOR CLASS CERTIFICATION AND EXS. 12, 13, 26, AND 27

Case No. 13-cv-00177-JLS-JC