Fredrick S. Levin (Bar No. 187603)
Email:  flevin@buckleysandler.com
**BUCKLEYSANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3984
Facsimile:  (310) 424-3960

Katherine L. Halliday (*pro hac vice*)
Email: khalliday@buckleysandler.com
**BUCKLEYSANDLER LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

*Attorneys for Defendant QBE Financial
Institution Risk Services, Inc.*

(Additional counsel on signature page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| OMAR TIGBAO and DOROTHY TIGBAO on behalf of themselves and all others similarly situated,<br><br>                         Plaintiffs,<br><br>     v.<br><br>QBE FINANCIAL INSTITUTION RISK SERVICES, INC., d/b/a/ QBE FIRST, a Delaware Corporation, and DOES 1-50,<br><br>                         Defendant. | Case No. 13-cv-00177-JLS (JCx)<br><br>**DEFENDANT'S APPLICATION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CERTAIN EXHIBITS**<br><br><br>Courtroom:  10A<br>Judge:  Hon. Josephine L. Staton |

DEF.'S APPL. TO FILE UNDER SEAL
PORTIONS OF ITS OPP'N TO PL.'S MOT.
FOR CLASS CERTIFICATION AND CERTAIN EXS.

Case No. 13-cv-00177-JLS (JCx)

COME NOW the Defendant QBE Financial Institution Risk Services, Inc. ("QBE FIRST" or "Defendant"), acting by and through counsel, and provides, pursuant to Local Rule 79-5.1, the following statement in support of filing under seal certain documents filed in support of its Opposition to Plaintiff's Motion for Class Certification ("Opposition"), May 23, 2014.  Plaintiff has no position regarding this Application.  In support, Defendant states as follows:

1.     Pursuant to Local Rule 79-5.1 and the Court's February 4, 2013 Initial Standing Order, *see* ECF No. 7, Defendant hereby submits this application to file under seal the documents described below:

- Portions of Ronald Mark Chapman Declaration ("Chapman Decl."), dated May 21, 2014 and Exhibits C1-C4 thereto in their entirety;

- Portions of Louis Declaration Exhibit A1, Defendant QBE FIRST Verified Supplemental Interrogatory Responses ("Interrogatory Responses"), dated January 10, 2014;

- Portions of Andrew R. Louis Declaration ("Louis Decl.") Exhibit A11, Expert Report of David Appel ("Appel Report"), dated May 23, 2014; and

- Portions of Louis Declaration Exhibit A3, Deposition of QBE FIRST through Ronald Mark Chapman ("Chapman Dep."), taken January 17, 2014;

- Portions of the Defendant's Opposition.

Thus, with the Court's approval, QBE FIRST will file publicly redacted versions of the documents listed above.

1.     These documents contain references to the same proprietary and confidential information that the Court has already ordered be filed under seal.  *See* Declaration of Ronald Mark Chapman, Mar. 25, 2014, ECF No. 68-1; Order Regarding Def.'s Mot. to Maintain Under Seal Pl.'s Mem. in Supp. of Mot. for Class Certification and Exs. 12, 13, 26 and 27, Apr. 2, 2014, ECF No. 70.

2.     Courts have found that it is appropriate to seal records attached to non-

1

DEF.'S APPL. TO FILE UNDER SEAL
PORTIONS OF ITS OPP'N TO PL.'S MOT.
FOR CLASS CERTIFICATION AND CERTAIN EXS.

Case No. 13-cv-00177-JLS (JCx)

dispositive motions when "good cause" is shown under Rule 26(c).[1]  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting that a good cause showing is sufficient to preserve "the secrecy of sealed discovery material attached to nondispositive motions"); *Shared Med. Res., LLC v. Histologics, LLC*, No. SACV 12-0612 DOC (RNBx), 2012 WL 5570213, at *2 (C.D. Cal. Nov. 14, 2012) (discussing *Kamakana* and *Foltz*); *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *1 (N.D. Cal. Dec. 12, 2012) ("Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause.'" (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).

3.    "Good cause" exists when "the disclosure of proprietary information could cause a party competitive injury."  *Davis v. Soc. Serv. Coordinators, Inc.*, No. 1:10-cv-02372-LJO-SKO, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 1969039, at *1-2 (N.D. Cal. May 31, 2012) (granting motion to seal to prevent harm caused by providing proprietary information to competitors).  This standard is satisfied when there are "specific demonstrations of fact" supported "by affidavits and concrete examples."  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307-08 (N.D. Cal. 2005) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).

4.    There is good cause to seal certain portions of the Opposition and portions of certain documents attached to the Opposition because they contain confidential, proprietary, or otherwise competitively sensitive information.  In support

---

[1] The vast majority of Ninth Circuit courts treat class certification motions as non-dispositive.  *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (citing cases).

2

of this assertion, Defendant is filing herewith the Declaration of Ronald Mark Chapman in Support of Defendant's Application to File Under Seal Opposition to Plaintiff's Motion For Class Certification and Certain Exhibits ("Chapman Appl. to Seal Decl."), May 21, 2014.

2.     Portions of Chapman Declaration and Exhibits C1-C4 thereto Disclosing Financial Arrangements, Contractual Obligations, and Fee Structures.  Exhibits C1-C4 of the Chapman Declaration are agreements and amendments to those agreements between QBE FIRST and various servicers.  These agreements and amendments contain detailed information concerning financial arrangements, fee structures and contractual obligations that are confidential and proprietary.  They also contain information concerning the manner in which QBE FIRST and its affiliates perform their respective business functions with respect to the tracking and placement of insurance.  This information is not generally known outside the company and the counter-parties to the agreements, and is not shared outside the company.  QBE FIRST is careful to take steps to protect such information, by insisting on confidentiality provisions in contracts with employees and vendors, maintaining the security of its computer networks and ensuring that documents and information produced in litigation are labeled as "CONFIDENTIAL" and covered by appropriate confidentiality agreements and/or protective orders.  *See* Chapman Appl. to Seal Decl. ¶ 9.  Public dissemination of this information would affect QBE FIRST's competitive standing as it would bestow an unfair advantage on their competitors who would be in a position to exploit such information to which they otherwise would not have access.  Meanwhile, QBE FIRST would not have access to analogous information belonging to their competitors.  QBE FIRST's competitors should not be granted such an advantage merely because they find themselves subject to litigation and must produce discovery to which its competitors would not otherwise have access.  *Id.* ¶¶ 7, 8.  Accordingly, the full exhibits as wells as the portions of the Chapman Declaration that

3

discuss these documents should remain under seal.  *See, e.g.*, *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659-60 (C.D. Cal. 2005) (determining that confidential financial information is "private" and proper to file under seal); *Stout v. Hartford Life and Accident Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (recognizing that contracts that contain proprietary and confidential business information may be filed under seal).

        3.    <u>Portions of QBE FIRST's Interrogatory Responses</u>.  Exhibit A1 of the Louis Declaration is Interrogatory Responses served by QBE FIRST that contain confidential and proprietary information such as QBE FIRST's and Newport Management Corporation's ("NMC") client list and references to contractual obligations and business functions.  This information is not publically shared and should thus be filed under seal.  *See e.g.*, *Gate Guard Servs. L.P. v. Solis*, No. 10-91, 2012 WL 4625679, at *3 (S.D. Tex. Sept. 30, 2012) (ordering the redaction of defendant's client list); *Stout*, 2012 WL 6025770, at *2 (finding that defendant's interrogatory responses and contracts should be filed under seal because "competitors could use this information to adjust their own contracts").

        4.    <u>Portions of the Appel Report Discussing Defendant's Affiliate's Confidential Claims Data</u>.  The Appel Report contains proprietary and confidential claims data provided by QBE FIRST's affiliated insurance carriers.  *See* Chapman Appl. to Seal Decl. ¶ 7 (referring to the confidential and proprietary claims data contained within the Appel Report).  QBE FIRST's affiliated insurance carriers generally do not share this claims data.  Insurance carriers are careful to take steps to protect such information, by insisting on confidentiality provisions in contracts with employees and vendors, maintaining the security of its computer networks and ensuring that documents and information produced in litigation are labeled as "CONFIDENTIAL" and covered by appropriate confidentiality agreements and/or protective orders.  *See* Chapman Appl. to Seal Decl. ¶ 9.  Public dissemination of this

DEF.'S APPL. TO FILE UNDER SEAL                                   Case No. 13-cv-00177-JLS (JCx)
PORTIONS OF ITS OPP'N TO PL.'S MOT.
FOR CLASS CERTIFICATION AND CERTAIN EXS.

claims data would affect the competitive standing of QBE FIRST affiliates as it would bestow an unfair advantage on their competitors who would be in a position to exploit such information to which they otherwise would not have access. *Id.*¶ ¶ 7, 8.  As such, the documents should remain under seal.  *See e.g.*, *In re Wachovia Corp."Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*, No. 3:09-CV-02015, 2013 WL 6200008, at \*3 (N.D. Cal. Nov. 27, 2013) (granting motion to seal references to confidential data).

5.    <u>Chapman Deposition Transcript Discussing Defendant's Confidential Business Practices</u>.  Exhibit A3 of the Louis Declaration is an excerpt from the deposition transcripts of Ronald Mark Chapman.  This transcript was designated as "Confidential" per the Stipulated Confidentiality Order, which allows any party to designate deposition testimony and other material as such if the material contains confidential business information or any other information protectable under Fed. R. Civ. P. 26(c).  *See* Stipulated Confidentiality Order, Aug. 15, 2013, ECF No. 48.  The excerpted deposition transcript contains QBE FIRST's proprietary and confidential information, including testimony about QBE FIRST's policies and procedures regarding lender-placed insurance ("LPI").  *See* Chapman Appl. to Seal  Decl. ¶¶ 7, 8 (explaining the confidential and proprietary information contained within the deposition transcript).  For these reasons, portions of these exhibits should be filed under seal.  *See Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267-RSM, 2013 WL 1399349, at \*2 (W.D. Wash. Apr. 5, 2013) (finding excerpts of deposition testimony discussing company's business and finances were proper to file under seal).

6.    <u>Opposition</u>.  Finally, while a redacted version of the Opposition will be publicly filed, Defendant requests that the unredacted copy of the Opposition be filed under seal for reasons previously cited—the Opposition contains confidential, proprietary information referencing the documents filed under seal.

7.    A Proposed Order is submitted herewith for the Court's Consideration.

5

Dated: May 23, 2014

Respectfully submitted,

By:   /s/ Katherine L. Halliday
Robyn C. Quattrone (*pro hac vice*)
Email:  rquattrone@buckleysandler.com
Andrew R. Louis (*pro hac vice*)
Email:  alouis@buckleysandler.com
Katherine L. Halliday (*pro hac vice*)
Email:  khalliday@buckleysandler.com
**BUCKLEYSANDLER LLP**
1250 24th Street NW, Suite 700
Washington, DC 20037
Telephone:  (202) 349-8000
Facsimile:  (202) 349-8080

Fredrick S. Levin (Bar No. 187603)
Email:  flevin@buckleysandler.com
**BUCKLEYSANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3900
Facsimile:  (310) 424-3961

*Attorneys for Defendant QBE FIRST*

DEF.'S APPL. TO FILE UNDER SEAL
PORTIONS OF ITS OPP'N TO PL.'S MOT.
FOR CLASS CERTIFICATION AND CERTAIN EXS.

Case No. 13-cv-00177-JLS (JCx)